UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**SOLLYN ROMERO**                              **CASE NO. 6:22-CV-05625**

**VERSUS**                                     **JUDGE JAMES D. CAIN, JR.**

**ZURICH AMERICAN INSURANCE CO**               **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 27] filed by defendant Zurich American Insurance Company. Plaintiff does not oppose the motion. Doc. 31.

## I.
### BACKGROUND

This suit arises from alleged damage to plaintiff's home at 1125 Bear Creek Circle, Breaux Bridge, Louisiana, in Hurricane Delta, which made landfall in Southwest Louisiana on October 9, 2020, and Hurricane Ida, which made landfall in the state on August 29, 2021. Plaintiff, who was then represented by attorneys with the firm of McClenny Moseley & Associates, PLLC ("MMA"), filed suit in this court on October 7, 2022, alleging that his home was insured by defendant and that defendant had not timely or adequately paid for his covered losses. Doc. 1.

The court stayed all suits filed by MMA in October 2022, after concerns of misconduct by those attorneys began to arise. Doc. 2. On July 12, 2023, new counsel enrolled for plaintiff. Doc. 17. Defendant now moves for summary judgment, submitting

evidence that it had no policy of insurance in effect with plaintiff on the alleged dates of loss. Doc. 27. Plaintiff has submitted a notice of no opposition in response. Doc. 31.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.* The court resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.*

Louisiana Revised Statute § 22:1892 makes an insurer liable for penalties and attorney fees in certain circumstances based on its bad faith handling of a claim. To prevail under this statute, the insured must show that (1) the insurer received satisfactory proof of loss; (2) the insurer failed to tender payment within 30 days of receiving this proof; and (3) the insurer's failure to pay is "arbitrary, capricious, or without probable cause." *Guillory v. Lee*, 16 So.3d 1104, 1126 (La. 2009). Similarly, Louisiana Revised Statute §

22:1973(B)(5) provides for an award of penalties when an insurer fails to pay within 60 days and that failure is "arbitrary, capricious, or without probable cause."

Defendant shows that it issued a policy to plaintiff, effective for one year beginning on November 20, 2021, for the property located at 1125 Bear Creek Circle. Doc. 27, att. 4. It has also submitted a declaration attesting to the fact that it did not insure the property prior to November 20, 2021, and that the policy number listed in the complaint is not a Zurich policy number. Doc. 27, att. 5. Plaintiff does not contest this showing. Accordingly, it is established that Zurich did not insure the property on the alleged dates of loss and cannot be held liable for breach of contract or bad faith based on any Ida or Delta claim.

### IV.
#### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 27] will be **GRANTED** and all claims will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 29th day of January, 2024.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**